UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **RAPHALE HOLT #513651,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **NO. 3:21-cv-00093** |
| ) | **JUDGE TRAUGER** |
| **CORE CIVIC, et al.,** ) | |
| ) | |
| **Defendants** ) | |

## MEMORANDUM AND ORDER

Plaintiff Raphale Holt, an inmate of the Trousdale Turner Correctional Center in Hartsville, Tennessee, has filed a pro se civil rights action under 42 U.S.C. § 1983. (Doc. No. 1.) The matter is before the court for a ruling on the plaintiff's application to proceed in forma pauperis (IFP). (Doc. No. 2.) In addition, the complaint is subject to initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### I. APPLICATION TO PROCEED AS A PAUPER

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because it appears from the plaintiff's submission that he lacks sufficient financial resources from which to pay the full filing fee in advance, the court **GRANTS** his motion (Doc. No. 2) to proceed IFP in this matter.

However, under § 1915(b), the plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, the plaintiff is hereby **ASSESSED** a $350 filing fee, to be paid as follows:

The custodian of the plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's inmate trust account; or (b) 20% of the average monthly balance in the plaintiff's inmate trust fund account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the trust fund officer must withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $400 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Each time the trust account officer makes a payment to this court as required by this order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify the plaintiff's name and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** to send a copy of this order to the warden of the facility where the plaintiff is currently housed to ensure that the custodian of the plaintiff's inmate trust account complies with the portion of 28 U.S.C. § 1915 pertaining to payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian **MUST** ensure that a copy of this order follows the plaintiff to his new place of confinement for continued compliance with this order.

## II. INITIAL REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2), the court is required to conduct an initial review of any complaint filed in forma pauperis and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. But a cursory review of the docket reveals that the plaintiff's Complaint suffers from poor handwriting and is disjointed to the point that it is difficult to ascertain which allegations are directed to the court and which are simply copies of missives to other entities that are included as exhibits. (*See* Doc. No. 1 at 11, 14–16.) Moreover, the bulk of the plaintiff's allegations are in an unsigned "Cause of Action/Statement of the Facts," and the plaintiff has submitted a second, signed version of that document as a separate filing. (Doc. No. 1 at 14–16; Doc. No. 4.) The latter document, however, does not identify any defendants or encompass all the relief sought in the original Complaint.

For clarity of the record and feasibility of service, as well as review of the plaintiff's claims by both the court and any other parties, there can be only one operative complaint in a lawsuit. Accordingly, the plaintiff **MUST**, within 28 days of entry of this order, file an amended complaint that clearly and legibly identifies every defendant to his lawsuit, includes every cause of action and allegation the plaintiff wishes to pursue, and specifies the relief he demands. The plaintiff should set forth every fact necessary to support his claims (including approximate time, date, and place) and should take care to identify the specific actions or inactions by each defendant that make them liable for the alleged violations. The plaintiff may attach exhibits to his amended complaint if he believes they are necessary or helpful to support his claims, but they must be attached AFTER the conclusion of the complaint and must be clearly labeled as exhibits.

The Clerk of Court is **DIRECTED** to provide the plaintiff with a blank Section 1983

complaint form for the plaintiff's use in drafting his amended complaint. The plaintiff **MUST** include the matter number for this case (3:21-00093) on his amended complaint. The plaintiff is warned that his failure to comply with this order within the time provided, or to file a timely motion for extension of time to do so, may result in dismissal of this case for failure to prosecute and failure to comply with the court's order.

It is so **ORDERED**.

ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE

4

Case 3:21-cv-00093   Document 5   Filed 02/23/21   Page 4 of 4 PageID #: 36