IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RAPHALE HOLT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:21-cv-00093 |
| ) | Judge Trauger |
| CORE CIVIC, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

On May 14, 2021, this action was dismissed without prejudice due to plaintiff Raphale Holt's failure to file an amended complaint (Doc. No. 9) as ordered on April 7, 2021. (Doc. No. 8.)

On July 11, 2022, the plaintiff filed a "Petition to Resurrect" this case and to appoint counsel (Doc. No. 10), along with a supporting declaration. (Doc. No. 11.) In his declaration, the plaintiff states that even though he did not receive the order to file an amended complaint until "almost a month after this case was dismissed," his jailhouse lawyer nevertheless prepared a response. (Doc. No. 11.) The plaintiff does not offer any explanation why that response was not filed in this court, aside from an oblique reference to "all the confusion with the mail being destroyed etc." (*Id.*)

The court construes the plaintiff's "Petition to Resurrect" as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). Rule 60(b) allows the court to relieve a party from a final order of dismissal "[o]n motion and just terms," for reasons including the party's excusable neglect in failing to comply with a filing deadline. Fed. R. Civ. P. 60(b)(1); *see Curry v. Clayton Cnty. Police Dep't*, No. 1:18-CV-1947-MLB, 2022 WL 1014476, at *2 (N.D. Ga. Apr.

5, 2022) (applying Rule 60(b)(1) to motion to reopen case dismissed after plaintiff failed to comply with order to file amended complaint; noting that "excusable neglect is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence") (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 394 (1993)). But a Rule 60(b)(1) motion must be filed within "a reasonable time," and in any event "no more than a year after entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

More than one year has passed since this case was dismissed. Even if more than a year had not passed, the court could not find that the plaintiff's delayed filing—which seeks to reopen the case without curing the defect which led to its dismissal—was made in a reasonable time or with due diligence. *See Curry*, 2022 WL 1014476, at *3 ("A motion under Rule 60(b)(1) will be held untimely if not brought within a reasonable time, even though brought within one year" (citing 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2866 (3d ed.)); "Plaintiff failed to act diligently [and] is thus not entitled to relief under Rule 60(b).").

For these reasons, the plaintiff's "Petition to Resurrect" this case (Doc. No. 10) is **DENIED**. This case remains closed.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge